*522 MR. JUSTICE SHEEHY
delivered the opinion of the Court.
Mary Jane Hardy, Mary Joan Fox, Dan Fox, and L. 0. Ranch Co., plaintiffs, and Robert John Hardy and Barbara Ann Hardy, defendants, appeal from a judgment of the District Court of the Sixteenth Judicial District, Custer County, granting summary judgment in favor of the other defendants and refusing to adjudge that the right of first refusal in an agreement between the parties was invalid.
The issue here is whether an agreement providing for a right of refusal before property is offered for sale is void as constituting an unreasonable restraint on alienation and against public policy.
We hold that no justiciable controversy is presented on the facts before us in this case.
The parties to this action are the heirs of Robert F. Hardy. In his lifetime he created certain trusts, and upon his death, the trusts became operative. Later the trusts were terminated and the Hardy heirs entered into negotiation for the division of the ranch properties which constituted the corpus of the trusts. The negotiations culminated in an agreement dated November 22, 1977. That agreement divides the Hardy ranch properties into seven tracts and provides for the distribution of the seven tracts of land among seven persons designated as grantees. A right of first refusal to purchase is provided for the parties, summarized *523 by the District Court as follows:
1. Should one or more of the named grantees desire to sell his tract, he must first offer it to any one or more of the remaining grantees, until all have refused to purchase; the grantees upon receiving the offer have 60 days to accept and arrange financing; if the offer is made to more than one of the remaining grantees, the first to accept in writing is accorded priority.
2. Only after first offering to sell to all the remaining grantees can the selling grantee offer the lands to a third party.
3. If the selling grantee enters into a contract for the sale of a tract with a third-party purchaser, the selling grantee must again offer to sell the lands to one or more of the other grantees until all have refused to purchase upon the contract terms; again the first grantee to accept in writing is accorded priority, and the grantee or grantees receiving the contract offer have 60 days to accept and arrange financing.
4. The pre-emption right is conditioned to bind any third-party purchasers, successors or assigns of the original seven grantees.
5. The pre-emption right is to descend to the spouse and the descendants of the seven grantees named.
6. The restraint on alienation embodied in the pre-emption is to terminate upon the death of the last of the seven named grantees.
The plaintiffs filed a complaint for declaratory relief on March 26, 1981, in which they requested the District Court to declare that portion of the November 22,1977 agreement relating to first refusal rights invalid and void as an unreasonable restraint on alienation. Defendants Robert John Hardy and Barbara Ann Hardy joined with the plaintiffs in this contention. The District Court granted defendants’ motion for summary judgment on April 9, 1982, denying the plaintiffs’ motion, holding in effect, that the first refusal right was valid and not an unreasonable restraint on alienation. It is from that holding that this appeal ensued.
*524 The basic contention of the appellants here is that the procedures for exercising the pre-emptive refusal provisions of the agreement are so awkward and time consuming that they render the property of the grantees unmarketable.
As far as the record here shows, there is no pending sale or offer for sale of the ranch properties, or purchase or offer to purchase the lands involved in this case which is affected by the first refusal rights in the contract. Nor does any third party appear before the court in this cause contending that the pre-emptive clauses are invalid as to him. We have before us only a suit for declaratory judgment under the Uniform Declaratory Judgments Act.
It is true that the purpose of the Uniform Declaratory Judgments Act is remedial, to “settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations;” and is to be liberally construed and administered. Section 27-8-102, MCA. It is also true that the powers vested by the statute in the courts to render declaratory judgments includes “power to declare rights, status and other legal relations whether or not further relief is or could be claimed.” Section 27-8-201, MCA.
Nevertheless, this Court has on occasion refused to entertain a declaratory judgment action on the ground that no controversy is pending which the judgment would affect, and this Court attempts to avoid rendering advisory opinions. The District Court in this case touched on the problem of justiciability in its order granting summary judgment, stating:
“. . . It goes without saying that a Court will not declare a provision of a contract invalid because of conjecture. Anticipated or unanticipated problems may arise in the future which the parties might or might not then resolve, but if not, then the court by stipulation could imply conditions necessary to reasonably carry out provisions of the contract which the agreeing parties felt were important in the formulation of the written contract. In this case the parties by the agreement, believed that the lands should be kept in *525 the family until the last of the seven grantees died.”
The order of the District Court granting summary judgment here can in the circumstances be construed to mean that as far as the records here show, there was no reason for the District Court to determine that the pre-emptive first refusal clause was invalid.
The only thing before this Court in this case is a difference of opinion among lawyers on the legal effect of the preemptive first refusal clause. We do not have before us any litigants involved in an actual controversy who are deprived of a property right in seeking redress. Our decision here will not affect any party to the contract directly, because on this record there has not been any intent by any party to sell property outside the pre-emptive clause, nor any third party seeking to be relieved from the pre-emptive clause.
In support of their complaint, the appellants attacking the pre-emptive clause have postulated a series of horribles, each of which may be speculatively true, if the clause is permitted to govern. In opposition to appellant’s position, the respondents have pooh-poohed the horribles, and have insisted on the legality of the clause which so far has not detrimentally affected anybody. The respondents liken the pre-emptive clause to an ordinary trust where the corpus includes land.
No concrete controversy is here, and we are asked by the parties on each side to give an opinion merely upon hypothetical facts and abstract propositions. No litigant before us is in immediate danger of sustaining direct injury from the pre-emptive clause. Therefore we do not have a justiciable controversy over which the judicial power to determine real controversies may be exercised. Broad language in the Uniform Declaratory Judgments Act, section 27-8-101, et seq., MCA, may not be used as a platform for courts in this state to plunge into indefinite amorphous ponds of contract interpretation. In Chovanak v. Matthews (1948), 120 Mont. 520, 525-26, 188 P.2d 582, this Court said:
*526 “It is by reason of the fact that it is only judicial power that the courts possess, that they are not permitted to decide mere differences of opinion between citizens, or between citizens and the state, or the administrative officials of the state, as to the validity of statutes. Particularly is it true where a statute, regular [ly] enacted by the lawmaking branch of the government, is attacked by the citizen as being in violation of some provision or provisions of the Constitution.
“The judicial power of the United States is vested in ‘one Supreme Court and in such inferior Courts as the Congress may from time to time ordain and establish.’ Sec. 1, Art. Ill, of the United States Constitution. The judicial power vested in the district courts and the Supreme Court of Montana, by the provisions of the Montana Constitution, extend to such ‘cases at law and in equity’ as are within the judicial cognizance of the state sovereignty. Article 8, secs. 3, 11, [1889 Montana Constitution.] By ‘cases’ and ‘controversies’ within the judicial power to determine, is meant real controversies and not abstract differences of opinion or moot questions. Neither federal nor state Constitution has granted such power.”
The summary judgment of the District Court, insofar as it may be construed to determine by the rights of the parties under the pre-emptive purchase agreement, is reversed. The cause is remanded to the District Court with instructions to dismiss without prejudice.
MR. CHIEF JUSTICE HASWELL, JUSTICE HARRISON and THE HONORABLE DOUGLAS HARKIN, DISTRICT JUDGE,* concur.