No. 85-371

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

LLOS PARKER,

       Plaintiff and Appellant,

  -vs-

WALKER TEN EYCK WEED, III, and
BARBARA BREWSTER,

       Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nash & Nash; Donald Nash, Bozeman, Montana

    For Respondent:

        Goetz, Madden & Dunn; James H. Goetz, Bozeman, Montana

---

Submitted on Briefs: Oct. 25, 1985

Decided: January 27, 1986

Filed:   JAN 27 1986

_Ethel M. Harrison_

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Parker appeals an order of the Gallatin County District Court denying Parker's motion for summary judgment and granting Weed's and Brewster's motion for summary judgment.

Reversed and remanded with instructions. The sole issue on appeal is whether a right of first refusal violates the Montana rule against perpetuities, §§ 70-1-407, -408, MCA.

The facts of this case are not in dispute. On April 19, 1984, Parker signed a document entitled "First Right of Refusal." Parker was designated "GRANTOR" and Weed and Brewster were designated "GRANTEES." The agreement contained the following pertinent statements:

> GRANTOR agrees not to sell, transfer or assign all or any part of their interest in the above-described real estate (to other than his children or grandchildren) unless such interest shall have been first offered to GRANTEES for sale and purchase by them in accordance with the following provisions:
>
> (a) GRANTOR shall first offer to sell the above-described real estate to GRANTEES at the same price and upon the same terms and conditions as would govern upon a transfer to a third party . . ..
>
> (d) This First Right of Refusal is binding upon the heirs, personal representatives, administrators, successors, and assigns of each of the parties hereto. (including any children or grandchildren Transferees of the Grantor.) [Material in parenthesis interlineated in handwriting in original document.]

Weed and Brewster recorded this agreement at the Gallatin County Clerk and Recorder's Office on April 23, 1984.

On August 31, 1984, Parker filed a complaint against Weed and Brewster seeking a declaratory judgment voiding the contract between the parties which contained the right of

- 2 -

first refusal alleging the contract violated the rule against perpetuities.

On February 6, 1985, Parker filed a motion for summary judgment. On March 11, 1985, Brewster and Weed also filed a motion for summary judgment. The issues were briefed by both parties, and on March 15, 1985, a hearing was held.

On May 30, 1985, the District Court issued an order granting Weed's and Brewster's motion for summary judgment. It held that the right of first refusal was not a property interest so the rule against perpetuities did not apply to the preemption agreement.

We faced a nearly identical situation in the case of Hardy v. Krutzfeldt (Mont. 1983), 672 P.2d 274, 40 St.Rep. 1823. In that case, Hardy sought a declaratory judgment that a preemptive clause was invalid as an unreasonable restraint on alienation. The District Court granted Krutzfeldt's motion for summary judgment and Hardy appealed. We held that the facts of the case presented no justiciable controversy over which the judicial power to determine real controversies extended. As we stated in Hardy:

> The only thing before this Court in this case is a difference of opinion among lawyers on the legal effect of the preemptive first refusal clause. We do not have before us any litigants involved in an actual controversy who are deprived of a property right in seeking redress. Our decision here will not affect any party to the contract directly, because on this record there has not been any intent by any party to sell property outside the preemptive clause, nor any third party seeking to be relieved from the preemptive clause.

Hardy, 672 P.2d at 276.

In the instant case, Parker sought a declaratory judgment under the Uniform Declaratory Judgments Act that the right of first refusal was invalid a violation of the rule against perpetuities. The District Court granted Weed's and

- 3 -

Brewster's motion for summary judgment and Parker appealed. As in Hardy, the record in the instant case discloses no pending sale or offer for sale, or purchase or offer to purchase the underlying property. No third party is before us challenging the clause's application to him. Instead, we are being asked to render an advisory opinion.

Our reasoning in Hardy applies with equal force to this appeal.

> No litigant before us is in immediate danger of sustaining direct injury from the preemptive clause. Therefore we do not have a justiciable controversy over which the judicial power to determine real controversies may be exercised. Broad language in the Uniform Declaratory Judgments Act, section 27-8-2101, et seq., MCA, may not be used as a platform for courts in this state to plunge into indefinite amorphous ponds of contract interpretation.

Hardy, 672 P.2d at 276.

Therefore, we reverse the order of the District Court granting respondents' motion for summary judgment to the extent that it may be construed to determine the rights of the parties under the agreement containing the right of first refusal. The cause is remanded to the District Court with instructions to dismiss without prejudice.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

- 4 -

Justices