JUSTICE RICE
dissenting.
¶30 I respectfully dissent.
¶31 The Court holds that the District Court erred in dismissing the claims for lack of standing and mootness, because these grounds were not raised before the agency, citing § 2-4-702(l)(b), MCA. At ¶ 21, the Court describes this statutory provision as a legislatively imposed limitation on the District Court’s jurisdiction which “stands in contrast” to the constitutional mandate to hear cases and controversies. I respectfully submit that, while correctly noting the contrast, the Court fails to properly apply the constitutional principle at issue here.
¶32 While the Legislature can limit the jurisdiction of the district court, the Constitution provides a prior limitation. Article VII of the Montana Constitution, like Article III of the United States Constitution, mandates that courts may only hear justiciable cases. We *120 have previously explained that standing is a requirement under this constitutional provision:
The concept of standing arises from two different doctrines: (1) Discretionary doctrines aimed at prudently managing judicial review of the legality of public acts, [citation omitted]; and (2) doctrines of constitutional limitation in the federal courts drawn from the “cases and controversies” definition of federal judicial power in Article III, United States Constitution and in the Montana courts drawn from the “cases at law and in equity” definition of state judicial power in Article VII, 1972 Montana Constitution.
From these cases we synthesize that the issue presented for review must represent a “case” or “controversy” within the judicial cognizance of the state sovereignty.
Stewart v. Board of County Commissioners (1977), 175 Mont. 197, 200-01, 573 P.2d 184, 186. Thus, the Constitution requires that a party have standing before a district court may hear the case.
¶33 However, the Court turns this principle on its head, holding that the Legislature’s enactment of § 2-4-702, MCA, prohibits the district court from applying the constitutional principle of standing in those cases in which the issue was not previously raised before the agency. The Court essentially holds that the requirement of standing can, pursuant to § 2-4-702, MCA, be waived.
¶34 Standing is jurisdictional and can never be waived:
Plaintiffs argue that the defendant Board is raising the issue of standing for the first time on appeal and that... the Board is now precluded from raising this defense.... Objections to standing cannot be waived and may be raised by the court sua sponte. United States v. Storer Broadcasting Co. (1956), 351 U.S. 192, 197, 76 S.Ct.763, 100 L.Ed. 1081; 6 Wright & Miller, Federal Practice & Procedure: Civil § 1542 at 642-43.
Stewart, 175 Mont. at 203-04, 573 P.2d at 188 (emphasis added). The Court’s interpretation of § 2-4-702, MCA, as prohibiting the District Court from applying the standing requirement violates Article VII of the Montana Constitution and elevates legislative enactment over constitutional mandate. The Legislature can no more require courts to hear cases that lack standing than it could require courts to issue advisory opinions. Our Constitution prohibits it.
¶35 This prohibition applies to other justiciability concerns, such as ripeness, feigned or collusive cases, political questions, and, at issue *121 here, mootness. In Roosevelt v. Montana Dept. of Revenue, 1999 MT 30, 293 Mont. 240, 975 P.2d 295, we quoted from Hardy v. Krutzfeldt (1983), 206 Mont. 521, 526, 672 P.2d 274, 276, explaining that:
“The judicial power vested in the district courts and the Supreme Court of Montana, by the provisions of the Montana Constitution, extend to such ‘cases at law and in equity’ as are within the judicial cognizance of the state sovereignty. Article 8, secs. 3,11, [1889 Montana Constitution.] By ‘cases’and ‘controversies’ within the judicial power to determine, is meant real controversies and not abstract differences of opinion or moot questions. Neither federal nor state Constitution has granted such power.”
We have followed this same principle of judicial restraint since the adoption of our new Constitution.
Roosevelt, ¶¶ 47-48 (emphasis added).
¶36 For these reasons, I believe that Lincoln County was wrongly decided and should be reversed. Further, I would not apply the statutory prohibition on raising new questions, set forth in § 2-4-702, MCA, to constitutional justiciability requirements. Consequently, I would address the merits of the District Court’s order, i.e., whether, under the facts of this case, the claims were properly dismissed on the grounds of standing and mootness.