No. DA 06-0060

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 338N

MIKE WRIGG,

        Plaintiff and Appellant,

  v.

L&H, LLC, d/b/a COUNTRY INN & SUITES,
and LONGHORN, LLC,

        Defendants and Respondents.


APPEAL FROM:    The District Court of the First Judicial District,
                      In and For the County of Lewis and Clark, Cause No. CDV 2004-429,
                      Honorable Thomas C. Honzel, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Bruce M. Spencer, Attorney at Law, Helena, Montana

        For Respondents:

            William J. Gregoire and Robert J. Vermillion, Smith, Walsh,
            Clarke & Gregoire, PLLP, Great Falls, Montana (L&H)

            Leo S. Ward and Chad E. Adams, Browning, Kaleczyc,
            Berry & Hoven, P.C., Helena, Montana  (Longhorn)


                        Submitted on Briefs:  October 19, 2006

                                Decided:  December 19, 2006

Filed:

                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Mike Wrigg (Wrigg) appeals from the order of the First Judicial District Court, Lewis and Clark County, granting L&H, LLC's (L&H) motion to dismiss and granting Longhorn, LLC's (Longhorn) motion for summary judgment. We affirm.

¶3      Wrigg brought this premises liability action in district court attempting to recover damages for alleged personal injuries suffered outside a saloon owned and operated by Longhorn.  Wrigg also brought similar negligence claims against L&H, the owner of the hotel and restaurant in which the Longhorn Saloon is located.  The claims against L&H were dismissed pursuant to M. R. Civ. P. 12(b)(6)—the District Court held that Wrigg's amended complaint failed to state a cause of action against L&H.  Longhorn moved for summary judgment, and the court, finding that Wrigg failed to raise a genuine issue of material fact by offering nothing more than speculation or suspicion, granted Longhorn's motion.  Wrigg appeals.

¶4      Wrigg argues that the District Court erred in dismissing L&H from the action.  He contends that L&H had a duty to keep the premises safe and exercise ordinary care in doing so, and that it breached this duty.  Wrigg also argues that the court erred in granting

2

summary judgment for Longhorn because genuine issues of material fact exist as to whether a bar patron who earlier started a bar fight and was not asked to leave later assaulted Wrigg outside the bar.

¶5    L&H argues that Wrigg's amended complaint did not state a claim upon which relief could be granted because it was essentially a liquor liability claim against the co-defendants, Longhorn.  L&H maintains that even if the court erred by dismissing L&H, it should not be reversed because the court came to the right conclusion, even if for the wrong reasons.  Longhorn argues that the District Court's grant of summary judgment should be affirmed on the merits.  It contends that Wrigg does not know what the cause of his injury is, and failed to provide any evidence other than speculation and suspicion to support his theory he was assaulted by the patron who started an earlier disturbance.

¶6    We review a grant of a motion to dismiss to determine if the district court's interpretation of the law was correct.  *Boreen v. Christensen*, 267 Mont. 405, 408, 884 P.2d 761, 762 (1994).  This Court will affirm dismissal of a complaint for failure to state a claim when the plaintiff can prove no set of facts in support of his claim to entitle him to relief.  *Dennis v. Brown*, 2005 Mont. 85, ¶ 5, 326 Mont. 422, ¶ 5, 110 P.3d 17, ¶ 5.

¶7    We review a grant of summary judgment *de novo*.  *Roy v. Blackfoot Telephone Co-op.*, 2004 MT 316, ¶ 11, 324 Mont. 30, ¶ 11, 101 P.3d 301, ¶ 11.  Our evaluation is the same as that of the trial court.  *Grimsrud v. Hagel*, 2005 MT 194, ¶ 14, 328 Mont. 142, ¶ 14, 119 P.3d 47, ¶ 14.  "[T]he moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."  *Grimsrud*, ¶ 14.  "If this is accomplished, 'the burden then shifts to the non-moving party to prove,

3

by more than mere denial and speculation, that a genuine issue does exist.'" *Grimsrud*, ¶ 14. If the court determines that no genuine issues of fact exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. *Grimsrud*, ¶ 14.

¶8    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit.  The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the District Court's grant of summary judgment for the defendants was appropriate as they proved the absence of genuine issues of material fact and that they were entitled to judgment as a matter of law.

¶9    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

4