No. 04-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 85

JOLYNN DENNIS, DAVID DENNIS AND D & J
ENTERPRISES, LLC, a Montana limited liability company,

        Plaintiffs,

    v.

DAVID BROWN, LINDA BROWN, GOLDEN YEARS
COUNTRY LIVING, INC., a Montana corporation, and
TEX CATES, PATTY STEVENS and LAMBROS
REALTY, a Montana corporation,

        Defendants,

TEX CATES,

        Third-Party Plaintiff and Appellant,

    v.

ALAN F. BLAKLEY,

        Third-Party Defendant and Respondent.

APPEAL FROM:    The District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV 2001-405,
                Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Zane Sullivan and D. Scott Manning, Sullivan, Tabaracci & Rhoades,
                P.C., Missoula, Montana

        For Respondent:

                Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

                      Submitted on Briefs:  November 18, 2004
                                Decided:  April 5, 2005

Filed:

_____
                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Tex Cates appeals from the District Court's dismissal of his third-party complaint against Alan F. Blakley for failure to state a claim upon which relief may be granted. We affirm.

## BACKGROUND[1]

¶2     David and Linda Brown, acting through Golden Years Country Living, Inc., owned an assisted living facility on property in Missoula County, Montana. After adding eleven rooms to the building in 1996, the Browns listed the property for sale with real estate agent Cates in 1999. Cates made contact with the potential buyers, David and JoLynn Dennis, and advertised the property as having seventeen residential rooms. The Dennises allege that both he and the Browns told them orally and in writing that the business had great income generation and expansion opportunities, and the real estate had subdivision possibilities.

¶3     Blakley served as the Dennises' attorney for the transaction. In an April 2000 meeting, Blakley asked Cates about the zoning laws applicable to the property and Cates gave Blakley a document explaining the zoning. In the section entitled "Conditional Uses," that document specified the property's zoning restriction allowed a "Community residential facility serving less [sic] than (9) persons." Blakley did not tell the Dennises about these

---

[1]The appellant/defendant/third-party plaintiff incorporated the plaintiffs' complaint by reference, so the facts of this section originated in the plaintiffs' complaint. If the plaintiffs' complaint and the third-party plaintiff's complaint differ with respect to any particular fact, this Court accepts as true the factual allegations in the third-party plaintiff's complaint and construes other factual allegations in the light most favorable to the third-party plaintiff. *Szollosy v. Hyatt Corp.* (D. Conn., 2002), 208 F.Supp.2d 205, 207 n.2; *Missoula City-County Air Pollution Control Bd. v. Bd. of Envtl. Review* (1997), 282 Mont. 255, 259, 937 P.2d 463, 466.

zoning restrictions. The Dennises obtained financing and bought the property. Several months later, they discovered that the zoning laws restricted the use of the property to a community residential facility serving fewer than nine people and restricted them from subdividing the property.

¶4 The Dennises initially sued the Browns, Golden Years Country Living, Inc., and Tex Cates for negligent misrepresentation; constructive fraud; and the Browns, only, for actual fraud. The Dennises eventually amended their complaint to include two other parties as defendants. Cates alleged comparative negligence of the Dennises and their agents as an affirmative defense. Nevertheless, Cates, as a third-party plaintiff under Rule 14(a), M.R.Civ.P., sued Blakley for contribution under § 28-10-602, MCA (1999), alleging that Blakley had a duty to disclose to the Dennises the document explaining the applicable zoning laws and to explain their significance. The District Court dismissed the third-party suit for failure to state a claim upon which relief may be granted under Rule 12(b)(6), M.R.Civ.P.

## STANDARD OF REVIEW

¶5 After admitting all well-pled allegations in the complaint, we review de novo a motion to dismiss under Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief may be granted. *Missoula City-County Air Pollution Control Bd.*, 282 Mont. at 259, 937 P.2d at 466; *Cowan v. Cowan*, 2004 MT 97, ¶ 10, 321 Mont. 13, ¶10, 89 P.3d 6, ¶ 10. This Court will dismiss a complaint for failure to state a claim if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Cowan*, ¶ 10.

## DISCUSSION

3

¶6 Cates alleges that the District Court improperly dismissed his third-party suit against Blakley for contribution. The District Court adopted reasoning from *Commercial Standard Title Co. v. Superior Court* (Cal. Ct. App. 1979), 155 Cal.Rptr. 393, 400-01, a California Court of Appeal ruling that public policy prevented a defendant from bringing a contribution claim against a plaintiff's lawyer in an ongoing negligence and fraud proceeding between the plaintiff and the defendant. The District Court agreed with the California Court of Appeal and dismissed the suit. This Court affirms a district court's results if those results are correct even if the district court reached that result for the wrong reason. *Schaefer v. Egeland*, 2004 MT 199, ¶ 11, 322 Mont. 274, ¶ 11, 95 P.3d 724, ¶ 11.

¶7 Section 28-10-602, MCA (1999), provides as follows:

> **Principal's responsibility for agent's negligence, omissions, and wrongs.** (1) Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal.
>
> (2) A principal is responsible for no other wrongs committed by his agent than those mentioned in subsection (1) unless he has authorized or ratified them, even though they are committed while the agent is engaged in his service.

In light of the principal's (the Dennises') statutory liability for the acts of the agent (Blakley) and given that Cates, in his answer to the Dennises' complaint, has alleged the comparative negligence of the Dennises and their agents, a question arises as to whether Cates's third-party complaint against Blakley, if allowed to proceed, would affect the rights or legal

4

relationships of the parties. In other words, does the dismissal of Cates's third-party complaint in this case present a justiciable controversy?

¶8 Before a court can consider the merits of an issue, the parties must first present a justiciable controversy. *Powder River County v. State*, 2002 MT 259, ¶ 101, 312 Mont. 198, ¶ 101, 60 P.3d 357, ¶ 101. Further, this Court can raise questions of justiciability *sua sponte*. *Jumping Rainbow Ranch v. Conklin* (1973), 162 Mont. 128, 129, 509 P.2d 292, 293. This Court has defined the boundaries of a justiciable controversy as follows:

> The courts have no jurisdiction to determine matters purely speculative, enter anticipatory judgments, declare social status, deal with theoretical problems, give advisory opinions, answer moot questions, adjudicate academic matter, provide for contingencies which may hereafter arise, or give abstract opinions.

*Seubert v. Seubert*, 2000 MT 241, ¶ 19, 301 Mont. 382, ¶ 19, 13 P.3d 365, ¶ 19.

¶9 In the present case, Cates, in answering the Dennises' complaint, has, as an affirmative defense, alleged that the Dennises and their agents (including Blakley) were comparatively negligent. Assuming, *arguendo,* that agent Blakley was negligent, his negligence would be imputed to his principals, the Dennises. Section 28-10-602, MCA (1999). Under the doctrine of comparative negligence, the damages, if any, that the Dennises recover against Cates will be diminished in the proportion to the percentage of negligence attributable to the Dennises and their agents. Section 27-1-703, MCA (1999). If the Dennises' damages are diminished in proportion to Blakley's negligence, Cates will have no grounds for seeking contribution from Blakley. Cates's attempt to seek contribution from Blakley via a third-party complaint is subsumed in his answer to the complaint wherein he alleges comparative negligence. Moot is an adjective meaning "[h]aving no practical

5

significance; hypothetical or academic." Black's Law Dictionary, 1029 (8th ed. 2004). Since the issue of Blakley's negligence as an agent, if any, is contained in the pleadings presently before the court, a ruling on whether Cates can assert a duplicative claim for contribution by way of a third-party complaint would have no practical effect on the controversy. The issue is thus moot or academic, and we need not address the public policy concerns relied upon by the District Court.

¶10   Affirmed.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON