DA 06-0759

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 65

SERENA VISTA, L.L.C.,

　　　　　Petitioner and Appellant,

　v.

STATE OF MONTANA DEPARTMENT OF
NATURAL RESOURCES AND CONSERVATION,

　　　　　Respondent and Appellee.

APPEAL FROM:　District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-2006-327
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

　　　For Appellant:

　　　　　D. Scott Manning, Sullivan, Tabaracci & Rhoades, P.C., Missoula,
Montana

　　　For Appellee:

　　　　　Anne W. Yates, Tim D. Hall, Britt T. Long, Special Assistant Attorneys
General, Helena, Montana

Submitted on Briefs:　October 31, 2007

Decided:　February 26, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Serena Vista, L.L.C. (Serena Vista) is a Wyoming limited liability company registered to do business in Montana. It owns real property in Ravalli County, Montana, and holds established water rights associated with the property. The Montana Department of Natural Resources and Conservation (DNRC), the agency authorized to regulate water rights in Montana, alleged that Serena Vista had created a "place of storage" on the property that had not been permitted by the DNRC. The agency demanded that Serena Vista cease its storage activities and seek an application to change its water rights. Serena Vista filed a Petition for Declaratory Judgment in the Twenty-First Judicial District Court arguing that DNRC had not promulgated a rule defining "place of storage." The District Court dismissed the Petition with prejudice. Serena Vista appeals. We affirm.

## ISSUE

¶2    A restatement of the issue on appeal is:

¶3    Did the District Court erroneously dismiss with prejudice Serena Vista's Petition for Declaratory Judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    Serena Vista owns five water rights associated with its ranching operation in the Bitterroot Valley in Ravalli County, Montana. In February 2006 DNRC received a complaint from other riparian rights' owners alleging that Serena Vista had created a storage pit on its property and that the change in Serena Vista's water activities was adversely affecting their water rights. In March 2006 DNRC notified Serena Vista in

2

writing of the complaint and ordered that, "[i]f the alleged activities are occurring they must cease immediately." The agency also indicated that it would meet with the principals of Serena Vista on the property for an on-site investigation on March 28, 2006.

¶5 In April 2006 DNRC issued a letter to Serena Vista requesting additional information pertaining to water activity concerns it identified during its on-site visit. After reviewing the information provided by Serena Vista, the agency found that Serena Vista had changed a point of diversion without notifying DNRC, and had created a "place of storage" without DNRC authorization—both in violation of DNRC regulations. Serena Vista disputed the agency's allegations and requested statutory and regulatory support for them. In June 2006 DNRC explained in writing its underlying legal authority. In July 2006 Serena Vista filed a Petition for Declaratory Judgment arguing that DNRC's finding were "made upon unlawful procedure," were arbitrary and capricious, and were an unwarranted exercise of DNRC's discretion.

¶6 In September 2006 DNRC moved to dismiss Serena Vista's Petition on the ground that it failed to state a claim upon which relief could be granted pursuant to M. R. Civ. P. 12(b)(6) (hereinafter Rule 12(b)(6)) and as a result the District Court did not have jurisdiction. DNRC also argued that the agency's letter notifying Serena Vista of water violations was not "a proper subject for a declaratory judgment," and that Serena Vista had failed to exhaust its administrative remedies. Serena Vista opposed the motion to dismiss but in November 2006 the District Court determined that Serena Vista had not exhausted its administrative remedies, and therefore the court did not have jurisdiction to

3

hear the matter under the Uniform Declaratory Judgment Act. It dismissed the Petition with prejudice.

¶7 Serena Vista filed a timely appeal from the dismissal of its Petition.

## STANDARD OF REVIEW

¶8 We review de novo a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6). Rule 12(b)(6) allows a defendant to move for dismissal of a claim on the ground that the petitioner/plaintiff failed to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, ¶ 8, 66 P.3d 316, ¶ 8 (citations omitted).

## DISCUSSION

¶9 The issue before us is whether the District Court erred in dismissing Serena Vista's Petition for Declaratory Judgment.[1] Serena Vista presents several arguments on appeal including a challenge under the Montana Administrative Procedure Act (MAPA) alleging that DNRC had unlawfully failed to properly promulgate a "rule" but nonetheless concluded that Serena Vista had violated this "rule." Serena Vista argues, and it is undisputed, that in 2006 the term "place of storage" was not defined by Montana statute or rule. However, DNRC concluded that Serena Vista violated applicable rules by

---

[1] Notably, Serena Vista does not raise here the question of whether its pit does or does not constitute a "place of storage" as defined by DNRC.

creating a "place of storage" without DNRC approval. DNRC cites Admin. R. M. 36.12.1901(1), which requires that an "application to change a water right . . . must be filed when an applicant desires to change the point of diversion, place of use, purpose of use, or *place of storage* of a water right." (Emphasis added.)

¶10 As noted above, upon notice from DNRC that it was in violation of water rights regulations, Serena Vista asked for the legal authority upon which DNRC based its conclusion. In addition to providing specific legal authority for its position, DNRC addressed the "place of storage" issue in its June 2006 letter by stating that it "has long considered a pumping pit as providing that volume of water necessary to supply the immediate need of the pump capacity. Quantities larger than this are deemed storage." Serena Vista maintains that this pronouncement in DNRC's letter amounted to, or "constituted a rule as defined by statute." It insists that because this "rule" was not lawfully promulgated under MAPA, it is unenforceable.

¶11 Premised upon its determination that DNRC's June 2006 letter actually constituted an unlawfully created rule, Serena Vista invokes § 2-4-506(4), MCA (of MAPA), and the Uniform Declaratory Judgment Act, § 27-8-201 through -331, MCA, as authority for its declaratory judgment action, arguing these statutes authorize it to seek a judicial determination of the validity and application of the ostensible "rule." It posits that the "[d]etermination of the validity of an administrative rule is a matter of legal interpretation for the judiciary to decide rather than a regulatory determination requiring agency expertise and exhaustion of agency administrative remedies."

5

¶12     The State responds that, in all likelihood, this matter will be moot by the time this Court reaches its decision because, by that time, DNRC will have a properly promulgated rule defining "place of storage," and Serena Vista has already agreed "to comply with all statutes and regulations." In fact, DNRC promulgated a regulatory definition of "place of storage" in Admin. R. M. 36.12.101(48) (effective February 1, 2008). "Place of storage" is now defined as a "reservoir, pit, pit-dam, or pond." As a result, Serena Vista's claim that DNRC relied upon an improperly promulgated rule to prohibit Serena Vista from continued use of what it refers to as its "irrigation pumping pit," is, therefore, arguably moot.

¶13     Serena Vista replies that should such a rule be properly promulgated before our ruling we should nonetheless address its issues on the merits. It maintains that the agency or other State agencies could once again "evade MAPA rule-making requirements by simply implementing ad hoc rules and only properly promulgating rules when the agency's actions are judicially challenged"; therefore, it argues because the agency's actions are capable of repetition, we should address this issue on appeal.

¶14     A justiciable controversy must exist for this Court to adjudicate a dispute. *Clark v. Roosevelt County*, 2007 MT 44, ¶ 11, 336 Mont. 118, ¶ 11, 154 P.3d 48, ¶ 11. We do not render advisory opinions, and we limit our rulings to those matters in which we can grant effective relief. *Clark*, ¶ 11. Mootness is a threshold issue which must be resolved before addressing the underlying dispute. *Grabow v. Montana High School Ass'n*, 2000 MT 159, ¶ 14, 300 Mont. 227, ¶ 14, 3 P.3d 650, ¶ 14 (citing *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 17, 293 Mont. 188, ¶ 17, 974 P.2d 1150, ¶ 17). This

Court has consistently held that "a moot question is one which existed once but because of an event or happening, it has ceased to exist and no longer presents an actual controversy." *Skinner v. Lewis and Clark*, 1999 MT 106, ¶ 12, 294 Mont. 310, ¶ 12, 980 P.2d 1049, ¶ 12 (citation omitted). Moreover, a case will become moot for the purposes of an appeal "where by a change of circumstances prior to the appellate decision the case has lost any practical purpose for the parties, for instance where the grievance that gave rise to the case has been eliminated . . . ." *Matter of T.J.F.*, 229 Mont. 473, 475, 747 P.2d 1356, 1357 (1987) (citation omitted).

¶15    Given the current circumstances, dismissal of Serena Vista's Petition is appropriate unless as argued by Serena Vista this issue is capable of repetition. This exception to the mootness doctrine recognizes that the amount of time inherent in the litigation process renders it potentially impossible in some cases for a final judicial decision to be reached before the case is rendered moot. In such circumstances, because application of the mootness doctrine would effectively deny the remedy of appeal, a court may agree to issue a decision even after the actual controversy has been resolved. *Billings High Sch. Dis. v. Billings Gazette*, 2006 MT 329, ¶ 14, 335 Mont. 94, ¶ 14, 149 P.3d 565, ¶ 14 (citations omitted). However, a party seeking to invoke the "capable of repetition, yet evading review" exception to the mootness doctrine bears the burden of establishing both that the challenged action is too short in duration to be litigated fully before its cessation and that there is a reasonable expectation that the same complaining party would be subject to the same action again. *Billings High School*, ¶ 14. *Accord Havre Daily News, LLC v. City of Havre,* 2006 MT 215, 333 Mont. 331, 142 P.3d 864.

Serena Vista has failed to establish or even argue that there is a reasonable expectation that it will again be the victim of DNRC's failure to properly implement new water regulations. As a result, we decline to review the merits of its claim.

¶16 Accordingly, we conclude that the grievance that gave rise to this case—the failure of DNRC to properly implement a rule defining "place of storage"—has lost any practical purpose for the parties and is thus moot for the purposes of appeal. Because we hold that this issue is moot, we conclude the District Court reached the correct outcome, albeit for a different reason.

¶17 We further conclude that the fact that the District Court's dismissal was "with prejudice"—a determination to which Serena Vista objects—is, in light of our disposition here, of no consequence to Serena Vista, because we have resolved this matter on grounds of mootness. This being so, there is no prospect that the same issue will again be presented to the District Court. Therefore, we affirm.

## CONCLUSION

¶18 For the foregoing reasons, we affirm the District Court's dismissal with prejudice of Serena Vista's Petition.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE