JUSTICE NELSON,
concurring.
¶31 I concur in the Court’s decision, which I believe correctly resolves the issues as they were presented and argued on appeal. I write separately to acknowledge the proverbial elephant in the room.
¶32 This case is just one of several presently pending before this Court involving Montana’s “medical marijuana” laws. While issues of justiciability have arisen, such as the mootness question the Court addresses in today’s Opinion, the parties in these cases have largely ignored-intentionally, it would seem, in light of the colloquy between the Court and counsel during oral argument in Mont. Cannabis Indus. Assn. v. State, No. DA 11-0460 (May 30, 2012)-the more fundamental question whether it is even appropriate for this Court to render opinions interpreting laws that are essentially unenforceable in light of federal law.
¶33 The courts of Montana do not have the power to issue advisory opinions. Plan Helena, Inc. v. Helena Regl. Airport Auth. Bd., 2010 MT 26, ¶¶ 9, 11, 355 Mont. 142, 226 P.3d 567. This is because the judicial power of Montana’s courts is limited by the Montana Constitution to “justiciable controversies.” Plan Helena, ¶ 6. A justiciable controversy is one that is “definite and concrete, touching legal relations of parties having adverse legal interests” and “admitting of specific relief through decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts, or upon an abstract proposition.” Reichert v. State, 2012 MT 111, ¶ 53, 365 Mont. 92, 278 P.3d 455 (internal quotation marks omitted). To be justiciable the controversy must, among other things, “be one upon which a court’s judgment will effectively and conclusively operate, as distinguished from a dispute invoking a purely political, administrative, philosophical, or academic conclusion.” Reichert, ¶ 53. *356 The “cases” and “controversies” that are within the judicial power to determine do not include “abstract differences of opinion.” Plan Helena, ¶ 9 (internal quotation marks omitted).
¶34 In 2004, Montanans adopted Initiative No. 148 which created the “Medical Marijuana Act.” See Title 50, chapter 46, MCA (2005). The Legislature has since tinkered with the Act, see Opinion, ¶ 5 n. 1, going so far as to scrap the original voter-approved scheme entirely and replace it with a new and improved “Montana Marijuana Act,” see Laws of Montana, 2011, ch. 419; Title 50, chapter 46, part 3, MCA (2011). Yet, with due respect to, and without impugning the zeal and good faith of, everyone involved in this continuing fiasco, the fact remains that the medical marijuana laws seek to legalize conduct that is violative of the federal Controlled Substances Act, 84 Stat. 1242, 21 U.S.C. § 801 et seq. And it is axiomatic that federal laws prevail over contrary state laws. U.S. Const, art. VI, cl. 2 (“This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.”); Gonzales v. Raich, 545 U.S. 1, 29, 125 S. Ct. 2195, 2212 (2005) (“[LJimiting the activity to marijuana possession and cultivation ‘in accordance with state law’ cannot serve to place respondents’ activities beyond congressional reach. The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.”).
¶35 It maybe true, as some medical marijuana proponents argue, that marijuana is a safe and effective drug, that marijuana should be legalized, that there are ridiculously high numbers of people incarcerated for marijuana-related offenses, that people have the “right” to use marijuana to treat illness, and that there should be medical marijuana growers and caregivers. But these issues are completely beside the point. The point, rather, is that Congress has decreed-rightly or wrongly, and whether the Montana populace likes it or not-that marijuana is a controlled substance and that it is unlawful to grow, possess, or distribute it.[1]
*357 ¶36 When Montana’s courts are asked to interpret the 2004 Medical Marijuana Act and the 2011 Montana Marijuana Act, they are asked, in effect, to issue an opinion “advising what the law would be upon a hypothetical state of facts, or upon an abstract proposition,” Reichert, ¶ 53 (internal quotation marks omitted), the hypothetical state of facts being a world where the grower, caregiver, or user is not already precluded by federal law from growing, distributing, or possessing marijuana. Irrespective of whether the conduct at issue is exempt from prosecution under Montana law, it is unlawful under federal law. A decree in favor of the medical marijuana grower, caregiver, or user is consequently meaningless because their activities are illegal regardless.
¶37 Judicial officers (as well as members of the legislative and executive branches) take an oath to “support, protect and defend the constitution of the United States ....” Mont. Const, art. Ill, § 3. The Constitution of the United States provides, among other things, that “the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.” U.S. Const, art. VI, cl. 2 (emphasis added). This Court is thus bound by duly enacted federal law. Providing interpretations of Montana laws that are clearly contrary to federal laws in the conduct they purport to make legal is in tension with our oath and duty to adhere to the federal laws. Providing such interpretations is also in tension with the constitutional limitation on judicial power precluding us from rendering advisory opinions. For these reasons, I conclude that Montana’s courts should not-indeed cannot-be required to issue opinions concerning state medical marijuana laws that are trumped by federal law and are mooted by reason of the Supremacy Clause.[2]
¶38 In closing, I note that for the marijuana community-medical, commercial, and recreational-there is a solution to the problem. If the anti-marijuana paradigm is to be changed, it must be changed at the federal level first. It is Congress that has enacted federal laws making marijuana manufacture, distribution, and possession a criminal offense and, in the process, rendering any state laws “to the Contrary” *358 superfluous. Obviously, changing this paradigm will involve educating Congress and whoever is President[3] and will require concerted political efforts nationwide to elect supportive legislators and not to reelect senators, representatives, and executives who are opposed to changing the marijuana paradigm.
¶39 In summary, the courts of Montana should not be required to devote any more time trying to interpret and finesse state laws that, ultimately, are contrary to federal law and the Supremacy Clause of the United States Constitution. After all, as already noted, judges in Montana take an oath to support, protect, and defend the federal Constitution and are bound by federal laws, anything in the laws of this State to the contrary notwithstanding. On this issue, it is time we started doing that.
¶40 I concur.

 Marijuana is classified as a Schedule I drug because of its high potential for abuse, lack of any accepted medical use, and absence of any accepted safety for use in medically supervised treatment. Gonzales, 545 U.S. at 14, 125 S. Ct. at 2204 (citing 21 U.S.C. § 812(b)(1), (c)). This classification renders the manufacture, distribution, or possession of marijuana a criminal offense. Gonzales, 545 U.S. at 14, 125 S. Ct. at 2204.

 I note one exception. Where the State has in fact commenced a civil or criminal proceeding in which one of Montana’s medical marijuana laws may provide a defense, and the defendant seeks dismissal or mounts a defense based on that law, it may then he necessary for this Court to interpret the medical marijuana laws within this specific context.

 I acknowledge this will be a herculean task. Indeed, actual facts, scientific evidence, and medical evidence typically fall on deaf ears in Congress when partisan politics, big money, big business, or big religion hold sway-big Tobacco, big Pharma, and big Super PACs being the big examples that readily come to mind.