DA 19-0456

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 217

FILED

08/25/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0456

MOODY'S MARKET, INC.; LIQUID ENGINEERING CORP.;
STIEG RANCH LLC; Z INC.; STORY DISTRIBUTION
CO.; VINTON CONSTRUCTION; MONTANA ROOFING
CONTRACTORS ASSOCIATION, INC.; ACE ROOFING,
LLC; CORY SIMONS CONSTRUCTION, INC.; and
NATIONAL FEDERATION OF INDEPENDENT BUSINESS,

        Plaintiffs and Appellants,

   v.

MONTANA STATE FUND, MONTANA BOARD OF
INVESTMENTS and STATE OF MONTANA,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                  In and For the County of Lake, Cause No. DV-18-12
                  Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                David M. McLean, Ryan C. Willmore, McLean & Associates, PLLC, Missoula,
                Montana

        For Appellee Montana State Fund:

                Curt Drake, Andres Haladay, Drake Law Firm, P.C., Helena, Montana

        For Appellees State of Montana and Montana Board of Investments:

                Timothy C. Fox, Montana Attorney General, J. Stuart Segrest, Civil Bureau Chief,
                Helena, Montana

                Submitted on Briefs:  May 13, 2020

                        Decided:  August 25, 2020

Filed:

_____
                  Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1  Moody's Market, Inc., Liquid Engineering Corp., Stieg Ranch, LLC, Z Inc., Story Distributing Co., Vinton Construction, Montana Roofing Contractors Association, Inc., Ace Roofing, LLC, Cory Simons Construction, Inc., and National Federation of Independent Business (collectively, the "Policyholders") appeal the orders of the Twentieth Judicial District Court, Lake County, granting the Montana State Fund (State Fund), the Montana Board of Investments (BOI), and the State of Montana's (State) motions to dismiss the Policyholders' Complaint, denying the Policyholders' motion for leave to amend the Complaint, and entering final judgment against the Policyholders. We address the following issues which we find to be dispositive:

> *Issue One: Are the Policyholders' declaratory judgment claims justiciable, when they seek a declaration as to the constitutionality of statutes that are no longer in effect?*
>
> *Issue Two: Did the District Court err in denying the Policyholders' motion to amend their Complaint to name individual members of the State Fund Board of Directors and the BOI?*

¶2  We affirm the District Court's dismissal of the Policyholders' Complaint and its denial of their motion to amend.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3  On November 6, 2017, the Montana Legislature met in special session to address budgetary issues regarding the State's General Fund shortage. The General Fund shortage was caused by various factors, including an unpredictably expensive forest fire season. The Governor of Montana's Proclamation calling the special session announced the

2

session's scope, including "Legislation authorizing a management fee on excess investment holdings of the [] State Fund to offset state fire costs."

¶4 During the special session, the Legislature passed Senate Bill No. 4 (SB 4), which enacted § 17-1-512, MCA (2017), and amended § 39-71-2320, MCA, authorizing the imposition of a three-percent "management rate" on certain BOI portfolios, including the State Fund, and required the funds be transferred to the State's fire suppression account "by April 1, 2018, and April 1, 2019." The legislation provided that both § 17-1-512, MCA, and the amendment to § 39-71-2320, MCA, would terminate on June 30, 2019.

¶5 The Policyholders maintain workers' compensation insurance coverage for their employees through the State Fund, for which they pay premiums. On January 22, 2018, the Policyholders filed a Complaint pursuant to Montana's Uniform Declaratory Judgments Act, § 27-8-101, et seq., against the State Fund, BOI, and the State. The Policyholders sought a declaration that § 17-1-512, MCA, and the amended § 39-71-2320, MCA, violated several provisions of the United States and Montana Constitutions.[1] The Policyholders' Complaint also sought a permanent injunction enjoining the statutes' enforcement and authorization.

---

[1] The Policyholders' Complaint alleged the following three counts: (1) violation of Mont. Const. Art. VIII, § 13; (2) violation of Mont. Const. Art. II, § 31, and U.S. Const. Art. I, § 10; (3) violation of Mont. Const. Art. II, § 29, and U.S. Const. amend. V.

3

¶6 On March 6, 2018, the State Fund, BOI, and the State jointly moved to dismiss the Policyholders' Complaint for lack of standing. On August 2, 2018, the Policyholders moved for leave to amend their Complaint. In addition to the three original counts seeking declarations that the legislation violated provisions of the Montana and United States Constitutions, the Policyholders sought to add a fourth count against individual members of the State Fund Board of Directors and the BOI, alleging breach of fiduciary duties, duties of loyalty, and statutory duties. On August 2, 2018, the State Fund filed an additional motion to dismiss the Complaint pursuant to M. R. Civ. P. 12(b)(6), asserting the Policyholders' Complaint failed to state a claim against the State Fund upon which relief can be granted.

¶7 On June 17, 2018, the District Court issued an "Opinion [and] Order Granting Defendant State Fund's Motion to Dismiss and Denying [Policyholders'] Motion to Amend." The District Court concluded that "[Policyholders] will not be injured because SB 4 explicitly provides '[t]he state fund may not raise rates or reduce dividends to offset real or estimated losses associated with the 3% management rate transfer.'" Therefore, the District Court reasoned that the Policyholders lacked standing to bring their claims because SB 4 "insulates [the Policyholders] from any injury that would give rise to a justiciable controversy." The District Court also denied the Policyholders' motion for leave to amend their Complaint after concluding that the proposed amendment did not cure the Policyholders' lack of standing and that the individual State Fund board members were

immune from liability pursuant to § 2-9-103, MCA, because they were acting in their capacity as State employees.

¶8     On July 8, 2019, the District Court issued an "Opinion [and] Order Granting Defendant State of Montana and Montana Board of Investments' Motion to Dismiss." As it pertained to the State and the BOI, the District Court again held that the Policyholders lacked standing to bring their claims because SB 4 "insulates [the Policyholders] from any injury that would give rise to a justiciable controversy." On July 11, 2019, the District Court entered final judgment against the Policyholders.

¶9     While the legislation was in effect, funds totaling approximately $28,000,000 were transferred from the State Fund to the fire suppression account in March of 2018 and 2019. On June 30, 2019, § 17-1-512, MCA, and the amendment to § 39-71-2320, MCA, were terminated pursuant to the terms of SB 4.

## STANDARDS OF REVIEW

¶10     "Issues of justiciability . . . are questions of law, for which our review is de novo." *City of Missoula v. Fox*, 2019 MT 250, ¶ 7, 397 Mont. 388, 450 P.3d 898.

¶11     A district court's denial of a motion to amend pleadings is reviewed for an abuse of discretion. *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690. A district court abuses its discretion if it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice. *Bardsley v. Pluger*, 2015 MT 301, ¶ 10, 381 Mont. 284, 358 P.3d 907.

5

**DISCUSSION**

¶12 *Issue One: Are the Policyholders' declaratory judgment claims justiciable, when they seek a declaration as to the constitutionality of statutes that are no longer in effect?*

¶13 In their opening brief on appeal, the Policyholders summarize this case as follows:

The central issue in this case is whether [SB 4] (later codified at § 17-1-512, [MCA,] but since been terminated), authorizing monies held in trust by the [State Fund] and the [BOI] to be transferred to the Montana Fire Suppression Account or any other account of the State[ ], is unconstitutional; and whether the taking of [State Fund's] private trust funds by way of a pretext 'management fee' as mandated by § 17-1-512[, MCA,] represents a taking without just compensation.

¶14 The Policyholders' original Complaint, which was the subject of the State Fund, BOI, and the State's joint motion to dismiss, sought declaratory relief only. In invoking the District Court's jurisdiction, it explicitly stated: "This case is brought pursuant to Montana's Uniform Declaratory Judgment[s] Act pursuant to § 27-8-101, [MCA,] [et seq.]" The three counts in the Complaint asserted violations of several provisions of the Montana and United States Constitutions, and sought the court's declaration to that effect.

¶15 Because the statutory scheme at issue was still in effect at the time the District Court ruled on the State Fund, the BOI, and the State's motions to dismiss, the District Court based its ruling on its conclusion that the Policyholders lacked standing to bring their claims. We do not address the District Court's standing determination, however, because since the District Court's ruling was issued the statutory scheme was terminated pursuant

6

to its own terms. Therefore, we conclude that the Policyholders' declaratory judgment action is not justiciable.

¶16 "The judicial power of Montana's courts, like the federal courts, is limited to 'justiciable controversies.'" *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, ¶ 6, 355 Mont. 142, 226 P.3d 567 (citing *Greater Missoula Area Fed'n. v. Child Start, Inc.*, 2009 MT 362, ¶ 22, 353 Mont. 201, 219 P.3d 881). "A justiciable controversy is one upon which a court's judgment will effectively operate, as distinguished from a dispute invoking a purely political, administrative, philosophical or academic conclusion." *Clark v. Roosevelt Cty.*, 2007 MT 44, ¶ 11, 336 Mont. 118, 154 P.3d 48.

¶17 The Policyholders seek reversal of the District Court's dismissal of their Complaint which was based on their alleged lack of standing. Assuming, for the sake of argument, that the Policyholders had standing to initiate their declaratory judgment action challenging the constitutionality of § 17-1-512, MCA (2017), and amended § 39-71-2320, MCA, the constitutionality of these statutes became an academic conclusion when the statutes were terminated. The statutes are neither constitutional nor unconstitutional because they are no longer statutes. Thus, we would be remanding this cause to the District Court so it could render an advisory opinion as to the constitutionality of a statutory scheme that is no longer in effect.

¶18 Although this appeal was taken after the statutory scheme at issue was terminated, the parties limit their arguments on appeal to the narrower issue of standing and do not address the broader issue of justiciability, a threshold question which this Court must raise

and address sua sponte even if it has not been raised by the litigants. *Plan Helena*, ¶ 13. Because the Policyholders' declaratory judgment action does not present a justiciable controversy, we must dismiss the appeal as it pertains to this issue. *Plan Helena*, ¶ 12 (Once a court no longer has before it a justiciable case or controversy, it is required to dismiss the action at that point).

¶19 *Issue Two: Did the District Court err in denying the Policyholders' motion to amend their Complaint to name individual members of the State Fund Board of Directors and the BOI?*

¶20 M. R. Civ. P. 15 governs the amendment of pleadings. Under M. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires." *See also Farmers Coop.*, ¶ 12. However, M. R. Civ. P. 15(a) does not require a court to "automatically grant a motion to amend." *Bardsley*, ¶ 20 (quoting *Kershaw v. Mont. Dep't of Transp.*, 2011 MT 170, ¶ 25, 361 Mont. 215, 257 P.3d 358). Leave to amend is properly denied when the amendment is futile or legally insufficient to support the requested relief. *Ally Fin., Inc. v. Stevenson*, 2018 MT 278, ¶ 21, 393 Mont. 332, 430 P.3d 522 (citing *Hobble-Diamond Cattle Co. v. Triangle Irrigation Co.*, 249 Mont. 322, 325, 815 P.2d 1153, 1155-56 (1991)).

¶21 The Policyholders sought leave to amend their Complaint to assert claims against individual members of the State Fund Board of Directors and the BOI, alleging breach of fiduciary duties, duties of loyalty, and statutory duties. The Policyholders argue the District Court abused its discretion by denying their proposed amendment seeking to assert claims against individual State Fund and BOI board members. We disagree.

¶22 The District Court correctly determined the Policyholders' proposed amendment is futile because the State Fund and BOI board members are statutorily immune from liability. *See* § 39-71-2318, MCA ("The members of the board, the executive director, and employees of the state fund are not liable personally, either jointly or severally, for any debt or obligation created or incurred by the state fund."); § 2-15-1808(4), MCA (designating BOI as a quasi-judicial board); *Eklund v. Trost*, 2006 MT 333, ¶ 22, 335 Mont. 112, 151 P.3d 870 (citing § 2-9-112, MCA) (providing that individual members of a governmental board exercising quasi-judicial authority are entitled to immunity from suit). We have previously recognized that when a proposed defendant "enjoys statutory immunity from liability," it is futile to name the defendant as a party to the action. *Emanuel v. Great Falls Sch. Dist.*, 2009 MT 185, ¶ 20, 351 Mont. 56, 209 P.3d 244. We affirm the District Court's denial of the Policyholders' proposed amendment to their Complaint.

**CONCLUSION**

¶23 Because the Policyholders' declaratory judgment claims challenging the constitutionality of § 17-1-512, MCA (2017), and amended § 39-71-2320, MCA, do not present a justiciable controversy, their appeal as to the District Court's dismissal of their Complaint is dismissed. We affirm the District Court's denial of the Policyholders' motion for leave to amend their Complaint to add claims against individual members of the

9

State Fund Board of Directors and the BOI because the individual board members are statutorily immune.[2]

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[2] To the extent that the Policyholders assert that they have suffered damages by the actions of the State, State Fund, and/or the BOI, this Opinion does not address, nor does it foreclose, an action for damages, or any other viable claim for relief. The only issues decided by this Opinion are whether the Policyholders' declaratory judgment claims as to the constitutionality of the statutes at issue are justiciable, and whether their claims against individual members of the State Fund Board of Directors and the BOI are barred because of statutory immunity.