**ORIGINAL**



**FILED**

07/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0596

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0596

STATE OF MONTANA; and MONTANA
DEPARTMENT OF NATURAL RESOURCES
AND CONSERVATION,

      Plaintiffs and Appellees,

v.

AVISTA CORPORATION, a
Washington corporation,

      Defendant and Appellant.

**FILED**

JUL 2 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

This matter arises from a 2004 complaint for declaratory relief that Appellant Avista Corporation and PPL Montana, LLC, filed to contest the State of Montana's claim that it was entitled to collect rent for riverbed acres occupied by hydropower projects owned by the two companies. The case comes before the Court on Avista's appeal of the First Judicial District Court's October 26, 2021 Order concluding that Avista is not entitled to a credit or refund for rent previously paid to the State under the parties' 2007 Settlement and Consent Judgment.

Three provisions of the Settlement and Consent Judgment are at issue, referred to as the Most Favored Nations Clause (MFNC), the Government Reopener, and the Judicial Reopener. Each clause calls for retroactive reduction or modification of Avista's agreed rent depending on the occurrence of some triggering event. The District Court found "undisputed" that none of the triggering events had occurred. Because the provisions had not been triggered, the court concluded that Avista was not entitled to a rent adjustment "at this time." The court continued on to analyze whether, once triggered, either the MFNC or the reopener clauses would entitle Avista to apply a reduced rental rate back to all of its previous payments under the Consent Judgment. It concluded they would not. Avista asks

this Court to conclude that, *if* the clauses are triggered, Avista is entitled to a credit or refund under the bargained-for provisions. The State urges the Court to affirm, arguing that the District Court correctly concluded that Avista is not entitled to a refund *if* a triggering event occurs under the MFNC or the reopener clauses.

The judicial power of Montana's courts is limited to "justiciable controversies." *Plan Helena, Inc. v. Helena Regl. Airport Auth. Bd.*, 2010 MT 26, ¶ 6, 355 Mont. 142, 226 P.3d 567. Among the central concepts of justiciability is ripeness, "which is concerned with whether the case presents an 'actual, present' controversy" "as distinguished from an opinion advising what the law would be upon a hypothetical state of facts, or upon an abstract proposition." *Reichert v. State*, 2012 MT 111, ¶¶ 53, 54, 365 Mont. 92, 278 P.3d 455 (citations and internal quotations omitted). Though neither party discusses it, justiciability is "a threshold question which this Court must raise and address sua sponte even if it has not been raised by the litigants." *Moody's Mkt., Inc. v. Mont. State Fund*, 2020 MT 217, ¶ 18, 401 Mont. 168, 471 P.3d 68. The Court desires the parties' views on whether the issues Avista raises on appeal present a justiciable controversy or call for an advisory opinion if the provisions of the Settlement and Consent Judgment have not been triggered.

IT IS THEREFORE ORDERED that the parties shall have thirty days from the date of this Order in which to file simultaneous supplemental briefs, limited to 5,000 words each, addressing the question whether the issue is ripe for consideration if none of the triggering events have occurred.

The Clerk is directed to notify all counsel of record of the entry of this Order.

For the Court,

By _____
Acting Chief Justice

2