ORIGINAL

FILED

05/29/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0742

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0742

TOM and CAROL WILLIS,

      Plaintiffs and Appellees,

v.

CLIFFTON OPPEGAARD,

      Defendant,

and

WESTERN NATIONAL MUTUAL INSURANCE
COMPANY,

      Defendant and Appellant.

ORDER

FILED

MAY 2 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellant Western National Mutual Insurance Co. (Western National) appealed the District Court's denial of its M. R. Civ. P. 60(b)(6) motion to set aside and vacate an Order regarding Western National's obligations to advance pay certain medical expenses incurred by the Appellees, Tom and Carol Willis (the Willises), pursuant to this Court's holding in *Ridley v. Guaranty Nat'l Ins. Co.*, 286 Mont. 325, 951 P. 2d 987 (1997). The Willises have moved to dismiss Western National's appeal as moot because all judgments against Western National and its insured have been satisfied and Western National is not seeking restitution of any amounts paid to the Willises, including any payments made pursuant to the District Court's *Ridley* Order. Western National acknowledges that it is not seeking restitution of any of the *Ridley* payments. Despite this acknowledgment, Western National contends its appeal is not moot because the Willis's attorney represented to Western National's attorney that he intended to file a bad faith action against Western National which, Western National

asserts, "will presumably be based on statutory grounds under § 33-18-201(6), MCA, as well as alleged violations of an insurer's obligations under *Ridley*."

"The judicial power of the courts of Montana is limited to justiciable controversies." *Wilkie v. Hartford Underwriters Ins. Co.*, 2021 MT 221, ¶ 7, 365 Mont. 92, 278 P.3d 455 (quoting *Greater Missoula Area Fed'n of Early Childhood Educators v. Child Start Inc.*, 2009 MT 362, ¶ 22, 353 Mont. 201, 219 P.3d 881). "A justiciable controversy is one upon which a court's judgment will effectively operate, as distinguished from a dispute invoking a purely political, administrative, philosophical, or academic conclusion." *Wilkie*, ¶ 6, (quoting *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 16, 364 Mont. 390, 276 P.3d 867). In order for an issue to remain a justiciable controversy, the issue must continue throughout the existence of the litigation. *Greater Missoula Area Fedn. of Early Childhood Educators v. Child Start, Inc.*, 2009 MT 362, ¶ 23, ___ Mont. ___, ___ P.3d ___. "Thus, if the issue presented at the outset of the action has ceased to exist or is no longer 'live,' or if the court is unable due to an intervening event or change in circumstances to grant effective relief or to restore the parties to their original position, then the issue before the court is moot." *Child Start, Inc.*, ¶ 23 (citations omitted). Any further ruling in such a case would constitute an advisory opinion—that is, an opinion "advising what the law would be upon a hypothetical state of facts or upon an abstract proposition, not one resolving an actual 'case or controversy.'" *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, ¶ 12, 355 Mont. 142, 226 P.3d 567 (citation omitted).

There is no justiciable controversy before this Court. The judgment in this matter, including the *Ridley* payments, has been satisfied and Western National is not seeking restitution. Western National seeks an opinion from this Court based on the possibility that the Willeses will bring a bad faith action against it and that such an action "will presumably be based on . . . alleged violations of [Western National's] obligations under *Ridley*." Western National asks this Court to rule on a presumption of not-yet-alleged claims in a not-yet-filed action; put another way, Western National seeks an opinion "advising what the law would be upon a hypothetical state of facts or upon an abstract proposition, not one

2

resolving an actual 'case or controversy.'" *Plan Helena*, ¶ 12. Western National seeks the very definition of an advisory opinion. Courts have no jurisdiction to issue advisory opinions. *Arnone v. City of Bozeman*, 2016 MT 184, ¶ 10, ___ Mont. ___, ___ P.3d ___. If and when the Willises file a bad faith action, that action will provide the forum to address the issues Western National seeks to have this Court address in this appeal.

Western National's appeal does not present a justiciable controversy. The Willis's motion to dismiss there therefore GRANTED.

IT IS ORDERED that this appeal is DISMISSED WITH PREJUDICE.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this ___29___ day of May, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3