DA 10-0607

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 146N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

LAURETTA E. WILDER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DC 08-38
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Jeremy S. Yellin, Attorney at Law, Havre, Montana

       For Appellee:

       Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

       Carolyn Berkram, Glacier County Attorney, Cut Bank, Montana

Submitted on Briefs:  June 1, 2011
Decided:  June 21, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Lauretta E. Wilder (Wilder) appeals from an order of the Ninth Judicial District Court, Glacier County, denying in part her motion to modify the judgment in Wilder's criminal case. We affirm.

¶3      In September 2008, Wilder was charged by Information with three felony counts of elder abuse, in violation of § 52-3-825, MCA.  The Information was amended in January 2009 to clarify the amount alleged in count two was over $1,000.  Wilder's first jury trial ended with a hung jury on counts one and two, and a not guilty verdict on count three.

¶4      Wilder's second jury trial began March 29, 2010.  During trial, Wilder and the State of Montana (the State) reached a plea agreement.  The plea agreement was never reduced to writing, but was recited on the record.  Wilder agreed to plead nolo contendere to count two in exchange for a sentence of one year in the county jail, with the imposition of that sentence deferred for two years.  The imposition of sentence was deferred so that Wilder could meet certain financial conditions, such as juror and witness fees, special prosecution costs, and statutory fees.  During the deferred imposition of sentence, Wilder would also be subject to probation with certain conditions.

2

¶5 Wilder entered a plea of nolo contendere to count two and was sentenced according to the plea agreement. The written judgment refers to her charge of conviction as a felony. Wilder objected to this wording, and filed a motion to modify the judgment to reflect conviction of a misdemeanor. The District Court denied Wilder's motion.[1] Wilder appeals.

¶6 We will not render advisory opinions. *Clark v. Roosevelt County*, 2007 MT 44, ¶ 11, 336 Mont. 118, 154 P.3d 48. We will decline to review an issue when our judgment would not operate to grant any relief. *Id*.

¶7 Wilder argues that, under Montana law, the classification of an offense as a misdemeanor or felony occurs not when the defendant is charged, but when the sentence is actually imposed on the defendant. See §§ 45-1-201; 45-2-101(23) and (42), MCA. Therefore, according to Wilder, her sentence of one year of incarceration at the county jail, with imposition deferred for two years, results in the classification of her offense as a misdemeanor, not a felony.

¶8 However, deferring the imposition of sentence effectively means no sentence was actually imposed upon the defendant. *State v. Drew*, 158 Mont. 214, 217-18, 490 P.2d 230, 232-33 (1971). Only when a defendant violates the conditions of her deferred imposition of sentence will the district court actually impose a sentence on the defendant. Section 46-18-203(7)(a), MCA. In that case, the district court may 1) continue the deferred imposition of sentence without changes, or 2) "impose any sentence that might have been originally imposed." Sections 46-18-203(7)(a)(i) and (iv), MCA. If a defendant complies with all

_____

[1] Wilder also objected to certain conditions in the judgment. The District Court granted Wilder's

terms of the deferred imposition of sentence, the defendant may be allowed to withdraw her plea of guilty or nolo contendere and have the charges dismissed. Section 46-18-204, MCA.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law. No sentence was actually imposed on Wilder, thus any judgment rendered by this Court would not grant relief. When, and more importantly *if*, a sentence is actually imposed, there may be a justiciable controversy. There is not currently.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS

---

motion in regard to two conditions and removed them from the judgment.

4