FILED

March 31 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0473

DA 14-0473

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 95

IN RE PETITION OF MISSOULA COUNTY
PUBLIC SCHOOLS, MISSOULA, COUNTY,

       Petitioner and Appellee,

  v.

BITTERROOT STAR, MISSOULA INDEPENDENT, KECI,

       Respondents and Appellees,

  and

VALARIE ADDIS,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DV-14-151
                 Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Robert C. Myers, Montana Resources and Asset Protection PC,
              Hamilton, Montana

       For Appellee Missoula County Public Schools:

              Elizabeth A. Kaleva, Megan D. Morris, Kaleva Law Office,
              Missoula, Montana

       For Media Appellees:

              Peter Michael Meloy, Meloy Law Firm, Helena, Montana

                            Submitted on Briefs:  February 25, 2015
                                   Decided:  March 31, 2015

Filed:

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Valerie Addis appeals from the District Court's Order and Memorandum filed July 18, 2014. We affirm.

## BACKGROUND

¶2 Addis was formerly employed as supervisor of food services by the Missoula County Public Schools (Schools), a public school district and a political subdivision of the State of Montana. During her employment in 2010 the Schools conducted an investigation of Addis and whether she had engaged in fraudulent or illegal financial transactions. Following that investigation the Schools instituted disciplinary action. Addis left the Schools position and filed a wrongful discharge suit.

¶3 The Ravalli County Commission appointed her to serve as Ravalli County Treasurer. Subsequently, the Ravalli County Commission investigated irregularities in Addis' performance as Treasurer and imposed sanctions against her.

¶4 In January 2014 the respondent media organizations, the Bitterroot Star and Missoula Independent (weekly newspapers) and KECI (a television station) requested that the Schools release documents related to Addis' termination as food services director, and particularly records concerning the investigation of fraudulent or illegal activity. The Schools notified Addis; she asserted that she had a right to privacy in the documents and that they should not be released. The Schools released Addis' resignation letter and separation agreement and, in February 2014, commenced the present action in District Court. The Schools sought an *in camera* review of the Addis documents and a

determination as to whether they should be released. The Schools took no position on the release of the documents and stated that they had filed the petition to avoid being sued by either the media outlets or Addis. The media outlets counterclaimed that the Schools violated their rights by not immediately releasing all of the documents.

¶5 The media outlets moved for summary judgment, seeking an order that the Schools release the documents. Addis appeared by brief, contesting the release of the records. The District Court conducted an *in camera* examination of the Schools' records and concluded that Addis had a right of privacy in some of them and that those documents should not be released. However, the District Court determined that six documents that related to "misuse of public money, misuse of public facilities, and careless management practices" should be released. The District Court found that the Schools had acted prudently in filing the action, and granted summary judgment to the Schools on the media outlets' counterclaim. Addis appeals.

## STANDARD OF REVIEW

¶6 This Court reviews a district court's decision on summary judgment to determine whether it is correct, using the same criteria under Rule 56, M. R. Civ. P. *Pilgeram v. GreenPoint Mortgage*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839.

## DISCUSSION

¶7 Addis contends that the District Court erred by either not determining or failing to give sufficient consideration to whether the documents in question are documents of a public body subject to public inspection. She contends that any documents found in her personnel file are not public records and are not subject to disclosure.

3

¶8 The Montana Constitution, Article II, Section 9, provides that "[n]o person shall be deprived of the right to examine documents . . . of all public bodies or agencies of state government and its subdivisions except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure." "Public writings" are defined in § 2-6-101(2), MCA, but the range of documents that are held by public bodies and that are subject to disclosure under the Constitution is broader. *Bryan v. Yellowstone County Elem. School Dist.*, 2002 MT 264, ¶¶ 34-35, 312 Mont. 257, 60 P.3d 381. The Schools are clearly a public body for purposes of the constitutional right to know. *Becky v. Butte-Silver Bow School District No. 1*, 274 Mont. 131, 136-37, 906 P.2d 193, 197 (1996). There is no blanket exemption from the right to know for documents simply because they are contained in a personnel file. *Billings Gazette v. Billings*, 2011 MT 293, ¶¶ 23-24, 362 Mont. 522, 267 P.3d 11. We find no merit in Addis' argument.

¶9 We concur with the District Court's determination that the Schools followed a prudent course in this matter. The Schools initiated a proceeding asking the District Court to conduct an *in camera* review of the documents sought by the media, when both the entities seeking the documents and the individual who was the subject of the documents invoked important constitutional rights.

¶10 In the case of criminal records that may contain confidential criminal justice information, § 44-5-303(5), MCA, provides that a prosecutor may initiate a declaratory judgment action requesting an *in camera* review of the records and may ask the court to determine whether the demands of individual privacy exceed the merits of public disclosure. We agree that the initiation of a similar proceeding in this case seeking a

4

judicial determination regarding the release of personnel records in a non-criminal case was an appropriate process for the Schools to invoke to resolve the request by the media. We affirm the District Court's exercise of its discretion in this matter, reviewing the disputed documents and determining which should be released after balancing the demand for individual privacy against the merits of public disclosure.

¶11 In a situation like this, balancing the public's right to know with an individual's right to privacy requires a fact-specific analysis of the interests at stake to determine whether the demands of individual privacy exceed the merits of public disclosure. *Billings Gazette v. City of Billings*, 2013 MT 334, ¶¶ 14-15, 372 Mont. 409, 313 P.3d 129. The court must consider whether the individual has a subjective or actual expectation of privacy, and if so whether society should recognize that the expectation is reasonable. *Havre Daily News v. City of Havre*, 2006 MT 215, ¶ 23, 333 Mont. 331, 142 P.3d 864. Documents are not shielded from public disclosure simply because they are in a public official's personnel file when that official occupies a position of trust. *Billings Gazette*, ¶ 22 (2011) (investigation report alleging that a police department clerk misappropriated funds should be released because the clerk occupied a position of trust).

¶12 The District Court applied settled Montana law in reviewing the disputed documents, concluding that Addis had an actual or subjective expectation of privacy in some of the records in her personnel file. Those included information in the employment application, a medical evaluation, beneficiary designation forms and "other benign information that has no relationship to the investigation of misconduct." As to the records pertaining to the investigation of misconduct, the District Court found that they

5

concerned misuse of public money, misuse of public facilities and careless management practices. The District Court found that Addis' position as supervisor of food services was "one of public trust because she was responsible for the expenditure of public money." Finally, the District Court concluded that Addis could have no reasonable expectation of privacy in documents relating to a violation of public trust, citing the similarities to the 2011 *Billings Gazette* case involving the clerk at the police department.

¶13 Under the facts of this case, the District Court determined that Addis did not have a protectable privacy interest in the investigatory documents, and that any privacy interest she had was outweighed by her position involving the public trust. The District Court determined that "the public has a compelling and substantial interest in investigatory documents concerning the misuse and misappropriation of public funds."

¶14 The District Court conscientiously and correctly determined and applied Montana law, and properly determined that the six disputed documents should be released. Addis has not presented a substantial reason in fact or law to demonstrate that the District Court's decision was error.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ JIM RICE