DA 14-0090

FILED

April 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0090

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 112

---

MONTANANS AGAINST ASSISTED SUICIDE (MAAS),
a Montana Nonprofit Public Benefit Corporation,

        Petitioner and Appellant,

   v.

BOARD OF MEDICAL EXAMINERS,
MONTANA DEPARTMENT OF LABOR & INDUSTRY,

        Respondent and Appellee.

---

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2012-1057
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Craig D. Charlton, Charlton Law Firm, PLLC; Helena, Montana

            Margaret K. Dore, Law Offices of Margaret K. Dore, PS; Seattle, Washington

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Michael L. Fanning, Special Assistant Attorney General; Helena, Montana

---

            Submitted on Briefs:  March 25, 2015
                      Decided:  April 28, 2015

Filed:

                                     _____
                                               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Montanans Against Assisted Suicide (MAAS) appeals from the order of the Montana First Judicial District Court, Lewis and Clark County, dismissing as moot MAAS's petition for declaratory judgment and equitable relief.  We affirm.

## ISSUE

¶2     We review the following issue: *Did the District Court err when it dismissed MAAS's petition as moot?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On December 31, 2009, we issued our opinion in *Baxter v. State*, 2009 MT 449, 354 Mont. 234, 224 P.3d 1211.  We held "that under § 45-2-211, MCA, a terminally ill patient's consent to physician aid in dying constitutes a statutory defense to a charge of homicide against the aiding physician when no other consent exceptions apply." *Baxter*, ¶ 50.

¶4     The Board of Medical Examiners (Board) is the occupation and licensing board for healthcare professionals within the Montana Department of Labor and Industry.  At the request of two medical doctors, the Board drafted a "position statement" explaining the effect of our decision in *Baxter* on its discipline policy for physicians participating in "aid-in-dying."  On January 12, 2012, a committee of the Board gave notice to interested persons of a final position statement draft.  The Board adopted an amended version of that draft on January 20, 2012, and it posted the final version, which it titled "Position Statement No. 20" (Position Statement), on its website.

2

¶5    MAAS is a Montana nonprofit public benefit corporation. Its core purpose is to oppose assisted suicide and euthanasia. On March 12, 2012, MAAS asked the Board to vacate the Position Statement and to remove it from the Board's website. The Board revised the Position Statement on March 16, 2012, but it did not comply with MAAS's request. MAAS repeated its request on July 6, 2012. The request was again unsuccessful, and on September 27, 2012, MAAS filed a petition with the Board. In the petition, MAAS sought a declaratory ruling that the Position Statement was invalid. On November 16, 2012, the Board held a hearing on the petition. It denied the petition shortly thereafter.

¶6    On December 17, 2012, MAAS filed a petition in the District Court for judicial review of the Board's decision. MAAS claimed that the Board exceeded its authority by adopting the Position Statement. It asked the District Court for declaratory judgment to that effect and for an order requiring the Board to vacate the Position Statement. On September 20, 2013, while this matter was pending before the District Court, the Board adopted a motion to rescind all of its position statements, including Position Statement No. 20, and it removed the statements from its website. The Board then filed a motion in the District Court asking the court to dismiss the case. The Board argued that once it rescinded the Position Statement the case was rendered moot. The District Court agreed, and dismissed MAAS's petition on December 13, 2013. MAAS appeals this order.

**STANDARD OF REVIEW**

¶7 Mootness, as an issue of justiciability, presents a question of law. We review questions of law de novo. *Reichert v. State*, 2012 MT 111, ¶ 20, 365 Mont. 92, 278 P.3d.

**DISCUSSION**

¶8 *Did the District Court err when it dismissed MAAS's petition as moot?*

¶9 MAAS argues that its case was not rendered moot when the Board withdrew the Position Statement, and, regardless, that the case should be allowed to go forward based on exceptions to our mootness rules. In response, the Board argues that the case has been rendered moot and that any decision on the merits of the case would result in an unacceptable advisory opinion. It argues that the District Court was correct to dismiss the case for this reason. We agree.

¶10 The judicial power of Montana courts "is limited to justiciable controversies." *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, ¶ 6, 355 Mont. 142, 226 P.3d 567. For this reasons, justiciability is a threshold issue. *Clark v. Roosevelt Cnty.*, 2007 MT 44, ¶ 11, 336 Mont. 118, 154 P.3d 48. A justiciable controversy is "one upon which a court's judgment will effectively operate, as distinguished from a dispute invoking a purely political, administrative, philosophical or academic conclusion." *Plan Helena, Inc.*, ¶ 8 (quoting *Clark*, ¶ 11) (internal quotation marks omitted). The requirement serves to prevent Montana courts from rendering advisory opinions, which we have consistently held exceed the authority of Montana courts. *See Plan Helena, Inc.*, ¶ 9.

4

¶11 Mootness is a category of justiciability. *Plan Helena, Inc.*, ¶ 8. We have often described mootness as the "doctrine of standing set in a time frame," stating that "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *E.g.*, *Greater Missoula Area Fed'n of Early Childhood Educators v. Child Start, Inc.*, 2009 MT 362, ¶ 23, 353 Mont. 201, 219 P.3d 881; *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 31, 333 Mont. 331, 142 P.3d 864. A matter is moot when "a court's judgment will not effectively operate to grant relief." *Clark*, ¶ 11. "The fundamental question to be answered in any review of possible mootness is 'whether it is possible to grant some form of effective relief to the appellant.'" *Briese v. Mont. Pub. Employees' Retirement Bd.*, 2012 MT 192, ¶ 14, 366 Mont. 148, 285 P.3d 550 (quoting *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 37, 364 Mont. 390, 276 P.3d 867).

¶12 The matter MAAS presented to the District Court was the validity of the Position Statement. MAAS claimed that the Position Statement was a rule promulgated in violation of the Board's authority, and MAAS asked the District Court to declare the rule invalid, to order the Board to vacate the Position Statement, and to order the Board to remove the statement from its website. By rescinding the Position Statement and removing it from the Board's website, the Board effectively granted MAAS the relief it sought, and it left the District Court with no effective relief to grant, rendering the matter moot. In *Clark*, we held that the case was moot after a government entity returned the property that the plaintiff claimed was illegally seized. We reasoned that "a judgment by this Court regarding the issue raised on appeal – i.e., whether the District Court erred in

determining that probable cause existed for the seizure . . . – would have no practical impact on the matter of [the petitioner's] entitlement to have her property returned." *Clark*, ¶ 12. Similarly, any judgment the District Court could have rendered in the present case would not have had any practical impact on the continued validity of the Position Statement after the Board rescinded the Position Statement. The Board would not have been required to take any additional remedial measures in the face of any judgment, since it had already rescinded the Position Statement and removed the Position Statement from its website. For these reasons, no judgment of the District Court would have effectively operated to grant relief and the matter was moot. *Clark*, ¶¶ 11-12.

¶13 We do not agree with MAAS's argument that reconsidering and overruling our decision in *Baxter* would provide effective relief in this case. MAAS argues that the Position Statement was an interpretation of our decision in *Baxter*, and that overruling *Baxter* would be an effective remedy. But, our continued adherence to *Baxter* is not the issue in this case, nor would overturning that case grant relief – effective or otherwise – to the parties. To begin with, overruling our precedent is not an action other Montana courts can make. *See State v. Whitehorn*, 2002 MT 54, ¶ 14, 309 Mont. 63, 50 P.3d 121. The District Court, therefore, could not have granted relief by overruling *Baxter*. More importantly, overruling precedent is a collateral result of a decision on the merits of a subsequent case. It is merely a potential consequence of our analysis when considering whether to grant relief. Overruling precedent is not relief in and of itself. To hold otherwise would allow parties to seek, as MAAS does now, opinions concerning the meaning of our decisions by presenting little more than hypothetical grievances or

6

conceptual disagreement with a holding of this Court. Opinions rendered in such cases would be advisory opinions, which are beyond the power of this Court to render. *Plan Helena, Inc.*, ¶¶ 9-11. As we do not reconsider our prior decisions outside of the context of a controversy and "live" request for relief, MAAS's argument that overruling *Baxter* would provide effective relief is incorrect for the same reasons as discussed above. *Plan Helena, Inc.*, ¶ 10. Namely, the Position Statement has already been rescinded, no judgment of the District Court could grant effective relief, and there is no longer a "live" request for relief.

¶14 MAAS argues that, in spite of the foregoing, we should allow its case to proceed for either of two reasons. First, MAAS argues that we have considered otherwise moot matters where the issues are of special importance to the public interest. MAAS contends that "the issues regarding *Baxter* . . . have important implications for the public interest," and that we should let this case proceed and render an opinion on the meaning of that case. As discussed above, such an opinion would be advisory. It would be an opinion on the merits of a decision without the benefit of concrete facts or adversarial development of arguments. We will not render such an advisory opinion. *Plan Helena, Inc.*, ¶¶ 9-11. We have never held that any exception to mootness will allow us to reconsider in the abstract a decision of this Court.

¶15 Second, MAAS argues that the Board, despite voluntarily ceasing the action alleged to be wrongful in this case, may freely repeat the action in the absence of a judgment. It argues that we should allow the case to proceed for this reason. We have, as MAAS notes, recognized that cases may proceed where they would otherwise have

7

been rendered moot by a defendant's voluntary cessation of the challenged action. *E.g.*, *Havre Daily News, LLC*, ¶¶ 38-40. We have stated that courts may "rule on non-extant controversies in order to provide guidance concerning the legality of expected future conduct." *Havre Daily News, LLC*, ¶ 38. We have, however, allowed courts to do so only in the limited circumstances where the defendant has voluntarily ceased the alleged wrong; where it is "reasonable to expect the 'same wrong' to recur, such that a ruling on the merits would be of . . . discernible future benefit to the litigants or the interests of judicial economy"; and where the reasonableness of such recurrence is supported by evidence, rather than speculation or allegation alone. *Havre Daily News, LLC*, ¶¶ 38-40.

¶16    In this case, there is no evidence indicating that it is reasonable to expect the same wrong to occur. The alleged wrong in this case was the Board's interpretation of an opinion of this Court in a document the Board promulgated in excess of its authority. *See Havre Daily News, LLC*, ¶ 38 n.9 (stating that a wrong is the same only if it presents a "substantially identical constellation of facts"). There is no indication that the Board will repeat such behavior in the future. MAAS has not provided any evidence that the Board has repeatedly issued rules interpreting decisions of this Court or that it otherwise regularly exceeds its authority. MAAS does not allege any other past instances of improper rulemaking and it does not point to any reasons that the Board would continue to promulgate rules in excess of its authority. Meanwhile, the Board has rescinded all of its position statements, and there is no indication that the Board will continue to issue position statements of any kind or undertake to interpret *Baxter*. Faced with such a lack of "concrete evidence suggesting that [the defendant] will perpetrate a substantially

8

similar wrong," we have refused to apply the voluntary cessation exception to mootness, *Havre Daily News, LLC*, ¶ 40, and we refuse to apply the exception today.

## CONCLUSION

¶17    For the foregoing reasons, the matter before the District Court was rendered moot when the Board rescinded the Position Statement.  The District Court was correct to dismiss the case.  We affirm.


                                                     /S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE