FILED

10/18/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0378

DA 15-0378

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 265N

PHILIP TUMMARELLO,

      Petitioner and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF
PUBLIC HEALTH AND HUMAN SERVICES,
CHILD SUPPORT ENFORCEMENT DIVISION,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2014-995
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Philip J. Tummarello (Self-Represented), Stevensville, Montana

      For Appellee:

          Patrick A. Quinn, Special Assistant Attorney General, Child Support
Enforcement Division, Missoula, Montana

Submitted on Briefs:  September 21, 2016

Decided:  October 18, 2016

Filed:

                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Phillip Tummarello (Tummarello) appeals from the April 14, 2015 order of the First Judicial District, Lewis & Clark County, denying his petition for judicial review of an administrative decision of the Montana Department of Health and Human Services, Child Support Enforcement Division (CSED), ordering the withholding of child support for his two children. We affirm.

¶3 In 2010, Tummarello's marriage was dissolved. As part of the dissolution, the Montana Twenty-First Judicial District Court, Ravalli County, entered its Findings of Fact and Conclusions of Law, ordering Tummarello to pay $1,667 per month in child support for his two children. In 2014, one child was emancipated and an administrative hearing was held regarding the withholding of Tummarello's income. The hearing officer found that CSED was withholding the correct amount of child support under the district court order. Tummarello then filed a petition for judicial review with the First Judicial District Court, Lewis & Clark County, challenging the administrative decision.

¶4 On February 4, 2015, the Twenty-First Judicial District Court entered an order clarifying the 2010 child support order; the court found that the total payment of $1,667

2

was intended as an aggregate of $909 for the older child and $758 for the younger child. CSED terminated the previous order and began to collect child support pursuant to the clarifying order. In March 2015, CSED filed a motion to dismiss Tummarello's petition for judicial review, arguing that the First Judicial District Court lacked subject matter jurisdiction over the petition because the clarifying order rendered the petition over the original order moot. The District Court granted CSED's motion and dismissed the petition.

¶5 We review a district court's dismissal of an action for lack of subject matter jurisdiction de novo. *In re Marriage of Sampley*, 2015 MT 121, ¶ 6, 379 Mont. 131, 347 P.3d 1281.

¶6 On appeal, Tummarello argues that the District Court erred in dismissing his claim. Under the Montana and federal constitutions, "[t]he judicial power of Montana's courts is limited to 'justiciable controversies.'" *Reichert v. State*, 2012 MT 111, ¶ 53, 365 Mont. 92, 278 P.3d 455; *see* Mont. Const. art. VII, § 4(1); U.S. Const. art. III, § 2. If a question is moot, it presents a non-justiciable question and a court must dismiss the action for lack of subject matter jurisdiction. *Seubert v. Seubert*, 2000 MT 241, ¶ 19, 301 Mont. 382, 13 P.3d 365; M. R. Civ. P. 12(h)(3).

¶7 We conclude that the District Court correctly dismissed Tummarrello's petition for judicial review for lack of subject matter jurisdiction. Tummarello petitioned the District Court to review the original order of the administrative law judge. This order was subsequently replaced by the clarifying order of the Twenty-First Judicial District Court and CSED terminated the original order on September 30, 2010. As such, the issue

3

Tummarello presented to the District Court for review no longer exists and is moot. Additionally, no exception to the mootness doctrine applies in this case. *See, e.g., Montanans Against Assisted Suicide (MAAS) v. Bd. of Med. Exam'rs*, 2015 MT 112, ¶ 16, 379 Mont. 11, 347 P.3d 1244; *but see In re Mental Health of D.V.*, 2007 MT 351, ¶ 32, 340 Mont. 319, 174 P.3d 503.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law was correct.

¶9     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER

4