DA 19-0479

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 77N

FILED

03/31/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0479

MISSOULA COUNTY,

      Plaintiff and Appellee,

  v.

MISSOULIAN, John Does 1-10, Jane Does 1-10,

      Defendant and Appellant,

  and

DOUGLASS HARTSELL, JR.,

      Intervenor and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV-18-344
                    Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Martha Sheehy, Sheehy Law Firm, Billings, Montana

      For Appellee:

          Anna Conley, Matt Jennings, Missoula County Attorney's Office, Missoula, Montana

      For Intervenor Douglas Hartsell, Jr.:

          Gregory A. McDonnell, Thomas C. Orr Law Offices, P.C., Missoula, Montana

                            Submitted on Briefs:  March 11, 2020

                                    Decided:  March 31, 2020

Filed:

                            _____
                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Missoulian appeals the Fourth Judicial District Court's order dismissing as moot the underlying declaratory judgment action involving the Missoulian's public records request to Missoula County. We reverse and remand to the District Court for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    This appeal arises from the Missoulian's January and February 2018 public records requests for documents regarding former Missoula County Deputy Sheriff Doug Hartsell. The Missoulian first requested documents and video footage related to Hartsell's November 19, 2017 arrest of Brandon Shea and then sought disciplinary records for Hartsell unrelated to the Shea arrest.[1] Hartsell's use of force during the Shea arrest triggered an internal investigation by the Missoula County Sheriff's Department. The Department did not discipline Hartsell but found evidence that he had violated Missoula County Sheriff's Office policies and employee expectations. It referred the matter to the Montana Department of Justice, Division of Criminal Investigation (DCI), for an

---

[1] The Missoulian also requested documents related to other Missoula County employees, but has since either received them from the County or no longer seeks them.

2

independent review of the incident to determine whether a criminal investigation was warranted.

¶4 On March 21, 2018, the County filed a petition for declaratory relief seeking "guidance from the Court on the release of documents that implicate both the public's right-to-know and individual rights of privacy" and asking the District Court to conduct an *in camera* review of the requested documents. The Missoulian filed its answer on April 2. On April 9, Hartsell filed a motion to intervene, asserting privacy rights in the requested records; the court granted his motion two days later. On May 3, the Missoulian provided the County with an affidavit of Brandon Shea in which Shea waived his right to privacy in this matter. The following week, the County filed a motion for summary judgment stating it had no objection to the release of the documents requested by the Missoulian. The County did request that certain information be redacted, to which the Missoulian did not object. Hartsell filed a response, opposing disclosure on the grounds that the DCI's investigation of his use of force during the Shea arrest was ongoing and that his privacy interests outweighed the public's right to know.

¶5 The District Court held a hearing on September 25, 2018. With respect to the documents related to the Shea arrest, the court concluded that it would not order release of any information at that time because of the pending DCI investigation. With respect to documents unrelated to the Shea arrest, the court stated that it would issue a ruling soon and directed the County not to disclose anything prior to that ruling.

¶6     On November 28, 2018, Hartsell was charged criminally in Missoula County Justice Court. He subsequently entered into a deferred prosecution agreement; on motion of the State, the court dismissed the case on January 24, 2019.

¶7     The District Court did not issue its promised ruling. Rather, on July 19, 2019, nearly six months after the State concluded its criminal proceedings against Hartsell, the District Court entered an order stating, "At this point the issues in this matter are Moot [sic]," and *sua sponte* ordered the case closed. This appeal followed.

## STANDARDS OF REVIEW

¶8     "Mootness, as an issue of justiciability, presents a question of law. We review questions of law de novo." *Montanans Against Assisted Suicide (MAAS) v. Bd. of Med. Examiners*, 2015 MT 112, ¶ 7, 379 Mont. 11, 347 P.3d 1244 (citing *Reichert v. State*, 2012 MT 111, ¶ 20, 365 Mont. 92, 278 P.3d 455). Likewise, when a court's ruling on a motion to dismiss is based on a conclusion of law, we review the ruling for correctness. *In re Estate of Glennie*, 2011 MT 291, ¶ 11, 362 Mont. 508, 265 P.3d 654.

## DISCUSSION

¶9     *Did the District Court err in sua sponte issuing an order declaring that the matter was moot and dismissing the case by closing the file?*

¶10     The Missoulian, the County, and Hartsell all agree that the District Court erred in dismissing the declaratory action as moot. "A matter is moot when, due to an event or happening, the issue has ceased to exist and no longer presents an actual controversy." *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 19, 293 Mont. 188, 974 P.2d 1150 (citation omitted). Stated differently, "[a] question is moot when a court cannot grant

effective relief[]" or restore the parties to their original position, *Shamrock Motors, Inc.*, ¶ 19, or when a party asks the court to determine a question that is purely hypothetical or academic. *Dennis v. Brown*, 2005 MT 85, ¶ 9, 326 Mont. 422, 110 P.3d 17. *See also MAAS*, ¶ 11 (internal quotation and citation omitted) ("The fundamental question to be answered in any review of possible mootness is 'whether it is possible to grant some form of effective relief to the appellant.'").

¶11 We agree with the parties that the underlying action and the attendant issue of disclosure of the requested records are not moot. Whether the Missoulian may obtain the documents and video footage of the Shea arrest and Hartsell's disciplinary files is a live controversy—not a hypothetical question—and the declaratory action is the appropriate means of obtaining relief. *See Missoula Cty. Pub. Sch. v. Bitterroot Star*, 2015 MT 95, ¶ 10, 378 Mont. 451, 345 P.3d 1035. *See also* § 44-5-303(5), MCA. The District Court remarked at the hearing that "if charges are filed," it was inclined to wait "until there's resolution, either by a conviction or dismissal or acquittal, and then I can take a look at disseminating this stuff." When the criminal matter concluded, the court still had before it the Missoulian's request for disclosure, Hartsell's objection, and the County's request for the District Court to tell it what it permissibly could release. Dismissal of the criminal case did not obviate the issue.

¶12 We thus conclude that the District Court erred when it declared moot the issues in the declaratory action and dismissed the case.

¶13 The Missoulian and the County both request that we order release of the requested documents or, in the alternative, remand to the District Court with instructions to order

5

release. Hartsell argues that this determination must be made by the District Court and urges us to remand. We agree and decline to entertain the merits of the Missoulian's request in the first instance. The District Court must conduct our well-established balancing test and determine, from the record before it: (1) whether Hartsell has a subjective or actual expectation of privacy; and (2) whether society is willing to recognize that expectation as reasonable. *Bozeman Daily Chronicle v. City of Bozeman Police Dep't.*, 260 Mont. 218, 225, 859 P.2d 435, 439 (1993).

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's application of the law was incorrect. Accordingly, we reverse the order of the District Court dismissing as moot the County's declaratory action and remand with instructions for that court to conduct an *in camera* review of the documents at issue and determine whether the demands of Hartsell's individual privacy exceed the merits of public disclosure.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ DIRK M. SANDEFUR

6