

FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0643

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0643

_____

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DANIEL ROBERT WOOD,

Defendant and Appellant.

_____

ORDER

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

On his own behalf, Daniel R. Wood has filed a "Combined Petition Seeking an Out-of-Time Appeal" concerning his three criminal cases that originated in the First Judicial District Court, Lewis and Clark County. He also requests that "the three appeals be combined under one Cause Number[,]" as he represents himself. Lastly, he requests that he be appointed as co-counsel if this Court were to appoint him counsel.

This Court is familiar with Wood's history. Less than a year ago, Wood sought habeas corpus relief in this Court alleging unlawful revocations of his criminal sentences. This Court recounted his criminal history in its Order where we also directed the Attorney General (State) or the Department of Corrections (DOC) for a summary response and for the Lewis and Clark County District Court to hold in abeyance his four criminal cases there (BDC 2004 -138, CDC 2004-126, CDC 2004-286, and CDC 2017-441). *See Wood v. Gootkin*, No. OP 23-0681, Order (Mont. Nov. 28, 2023) (*Wood I*). Wood now seeks to appeal his three criminal cases, originating in 2004.

The crux of Wood's argument is that the Lewis and Clark County District Court did not have jurisdiction in his revocation proceedings to amend the judgments to correct an illegal sentence. He bases this premise upon *Wood I*. Wood contends that the amended judgments include sentences which exceed statutory parameters. *See* §§ 46-18-203, MCA (2003). He adds that the Deputy County Attorney lacked standing to move for amendment and that the "[c]ourt officers ignored" *Wood I*. Lastly, he asserts that he had no opportunity

to object or raise claims concerning ineffective assistance of counsel when his court-appointed counsel worked on his behalf in the District Court and the Supreme Court.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" The scope of a criminal appeal is also defined in statute. Section 46-20-104(1), MCA, provides that "[a]n appeal may be taken by the defendant only from a final judgment of conviction and *orders after judgment which affect the substantial rights of the defendant.*" (Emphasis added.)

In a March 12, 2024 Order, this Court dismissed Wood's original proceeding after resolution in the District Court. *Wood v. Gootkin*, No. OP 23-0681, Order granting State's Motion to Dismiss and dismissing habeas corpus relief as moot (Mont. Mar. 12, 2024) (*Wood II*). We stated:

> The State moves for dismissal of Wood's Petition. The State provides that Wood is no longer serving any sentence, whether custodial or probationary, in the three criminal cases that were the basis of his petition for habeas corpus relief. The State explains that on February 19, 2024, the Lewis and Clark County Attorney's Office filed unopposed motions in Wood's three criminal cases, thereby moving to withdraw the pending petitions to revoke as well as moving the court to amend its judgment for credit for time served from March 20, 2008 until July 10, 2014. The State further provides that the District Court granted the two sets of motions three days later, and that Wood received credit from the March 20, 2008 service of the "Shuttle State's warrant" until the July 10, 2014 Colorado release. The State relays that the District Court also dismissed his pending 2023 criminal charges. Citing to Montana caselaw, the State concludes that Wood's issues are moot because of some happening or change in circumstances where this Court cannot furnish relief. *Cape v. Crossroads Corr. Ctr.*, 2004 MT 265, ¶ 25, 323 Mont. 140, 99 P.3d 171.
>
> We conclude that the District Court's recent actions have resolved Wood's issues, mooting his Petition. Wood's Colorado sentence merged with original sentences for his three criminal cases, as evidenced by the award of credit for time served. This award also appears to moot the second issue about elapsed time or other credit with the 2014 and 2017 sentences upon revocation. Wood received credit for time served in his three criminal cases, and he has been released from the DOC. ...

*Wood II*, at 3.

2

Wood is not entitled to an out-of-time appeal. "The existence of a justiciable controversy is a threshold requirement to a court's adjudication of a dispute." *Clark v. Roosevelt County*, 2007 MT 44, ¶ 11, 336 Mont. 118, 154 P.3d 48 (citation omitted). "A justiciable controversy is one upon which a court's judgment will effectively operate, as distinguished from a dispute invoking a purely political, administrative, philosophical or academic conclusion." *Clark*, ¶ 11. Wood does not have a viable criminal case for an appeal to proceed. M. R. App. P. 4(6). He has received relief. As explained earlier this year, the Department of Corrections released Wood after the District Court's rulings. *Wood II*, at 3-4. Wood states that he is not incarcerated, nor is he on supervision. He adds that he is "free." Contrary to his argument and assertions, Wood does not have an order after judgment which affects his substantial rights. Therefore,

IT IS ORDERED that Wood's Combined Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS ORDERED that Wood's requests for consolidation of an appeal and for appointment of co-counsel are DENIED, as moot.

IT IS FURTHER ORDERED that the Clerk is directed to CLOSE this matter as of this Order's date.

The Clerk is also directed to provide a copy of this Order to counsel of record and to Daniel R. Wood personally.

DATED this 12 day of November, 2024.

_____

_____
Justices